IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>   TRADES INDUSTRY PENSION FUND<br>GARY J. MEYERS, in his official capacity as<br>   a fiduciary,<br>FINISHING TRADES INSTITUTE<br>   F/K/A INTERNATIONAL UNION OF PAINTERS<br>   AND ALLIED TRADES JOINT APPRENTICESHIP<br>   AND TRAINING FUND,<br>POLITICAL ACTION TOGETHER FUND, and<br>PAINTERS AND ALLIED TRADES LABOR<br>   MANAGEMENT COOPERATION INITIATIVE<br>7234 Parkway Drive<br>Hanover, MD 21076<br><br>                                      Plaintiffs,<br>   v.<br><br>LIBMAK COMPANY, LLC<br>    d/b/a Libmak Co. LLC<br>    d/b/a Libmak Company, Inc.<br>1132 Timber Drive<br>Blakeslee, PA 18610<br><br><br><br>                                      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows.

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## VENUE

3. Venue lies in the District of Maryland under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5. The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as the "IUPAT Union and Industry Pension Fund" in the Labor Agreements relating to this complaint.

6. The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund

in the caption of this Complaint.  The Annuity Plan is also known as and referenced as the "IUPAT Union and Industry Annuity Plan" in the Labor Agreements relating to this complaint.

7. Plaintiff, Gary J. Meyers ("Meyers" and, together with "Fund," "Plaintiffs") is a fiduciary of the Funds within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due the Funds and related matters.  He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8. The Fund and Meyers are authorized collection fiduciary(ies) and agent(s) for:

   (a) the Pension Plan,

   (b) the Annuity Plan,

   (c) the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

   (d) the Ancillary Funds identified below.

9. FTI is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), and (3).  The FTI maintains its principal place of business and is administered from an office in this district and is also known as and referenced as the "International Joint Painting, Decorating and Drywall Apprenticeship and the Manpower Training Fund" and the "National Apprentice Fund" in the Labor Agreements relating to this complaint.

10. The Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and Political Action Together – Political Committee

PTINTF.32930
395946

3

(jointly or severally, "PAT Fund"), which is an unincorporated association or fund established pursuant to 2 U.S.C. §431 et seq. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAT Fund is also known as and referenced as the "Political Action Fund" in the Labor Agreements relating to this complaint.

11. The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), which is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. §186(c)(9). The LMCI is also known as and referenced as the "Labor Management Cooperation Funds" in the Labor Agreements relating to this complaint.

12. The PAT Fund and LMCI are jointly or severally referenced as "Ancillary Funds" and maintain their principal place of business and are administered from an office in this district.

13. The Fund and Meyers, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, the PAT Fund, FTI and LMCI.

14. The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds, LMCI and PAT Fund are hereinafter jointly or severally referenced as the "Funds."

15. Defendant, Libmak Company, LLC ("Company") is a Pennsylvania limited liability company and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in

the caption. The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

## COMMON FACTS

16. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the cover page, table of contents, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

17. The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds. A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

18. Under the Labor Contracts, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p.15 (Art.VI, §2); Ex. 3, §10.07.

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art.VI, §§3, 5).

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 2, pp.16-17 (Art.VI, § 6).

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 16-17 (Art.VI, §§4, 6); Ex. 3, §§10.07, 10.11.

19. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS

### v.

### COMPANY

20. The allegations of Paragraph 1 through 19 are incorporated by reference as if fully restated.

21. Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from January 2008 through February 2012 in at least the sum of $71,268.39 in violation of 29 U.S.C. §1145, as detailed on the attached Exhibit 4.

22. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS

v.

### COMPANY

23. The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully restated.

24. The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

25. Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from January 2008 through February 2012 in at least the sum of $71,268.39, as detailed on the attached Exhibit 4.

26. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

04/12/2012   /s/ Judith A. Sznyter
Date
              JUDITH A. SZNYTER
              Bar No. 29743
              Jennings Sigmond, P.C.
              The Penn Mutual Towers, 16th Floor
              510 Walnut Street
              Philadelphia, PA 19106
              Phone: (215) 351-0641
              Fax: (215) 922-3524

              Bridget C. Walsh
              The Penn Mutual Towers, 16th Floor
              510 Walnut Street
              Philadelphia, PA 19106

              Attorneys for Plaintiffs

*Application for Pro Hac Admission of Bridget C. Walsh shall be made at the appropriate time.