**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| | * | |
| **INTERNATIONAL PAINTERS** | * | |
| **AND ALLIED TRADES INDUSTRY** | | |
| **PENSION FUND,** *et al.*, | * | |
| | | |
| **Plaintiffs,** | * | |
| | | |
| **v.** | * | **Civil Action No.: ELH-12-1125** |
| | | |
| **LIBMAK COMPANY, LLC,** | * | |
| | | |
| **Defendant.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Judgment by Default that

Plaintiffs International Painters and Allied Trades Industry Pension Fund ("Pension Fund");

Gary J. Meyers; Political Action Together Fund ("PAT"); Finishing Trades Institute f/k/a

International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund

("FTI"); and the Painters and Allied Trade Labor Management Cooperation Initiative ("LMCI")

filed , ECF No. 8.[1]  Defendant Libmak Company, LLC has not filed a response, and the time for

doing so has passed.  *See* Loc. R. 105.2.a.  Having reviewed the filings, I find that a hearing is

not necessary.  *See* Loc. R. 105.6. For the reasons stated herein, I recommend that, following the

time to object to this Report and Recommendation, Plaintiffs' Motion for Judgment by Default

be GRANTED as to liability and that damages be AWARDED, as set forth herein.

---

[1] On September 12, 2012, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me to review Plaintiffs' Motion for Judgment by Default and/or to make recommendations concerning damages.  ECF No. 9.

## I.      FACTUAL AND PROCEDURAL HISTORY

The Pension Fund and Meyers, its fiduciary, "are authorized collection fiduciary(ies) and agent(s)" for the IUPAT Union and Industry Annuity Plan and Pension Plan (which are referred to herein as part of the Pension Fund and are governed by the documents "Annuity Plan" and "Pension Plan," respectively), as well as for PAT, FTI, and LMCI. Compl. ¶¶ 4–6, 8 & 12, ECF No. 1; Montemore Aff. ¶ 5, Pl.'s Mem. Ex. 1, ECF No. 8-5; Pls.' Mem. 1 n.1, ECF No. 8-2. Collectively, I refer to these funds as the "ERISA Funds."  *See* Compl. ¶ 14.  Defendant is an employer that "does business with the [Pension] Fund," *id.* ¶ 15, and is a party to an Agreement and Declaration of Trust ("Trust Agreement") with the Pension Fund and "plan documents for the ERISA Funds" ("Plan Documents"), *id.* ¶ 17.   Defendant also is a party to Collective Bargaining Agreements "(CBA") with local labor unions.  *Id.* ¶ 16.  The CBA binds Defendant to the terms of the Trust Agreement and Plan Documents.  Montemore Aff. ¶ 7.  Collectively, I refer to the CBA, Trust Agreement and Plan Documents as "Contracts."

Pursuant to the Contracts, Defendant agreed "[t]o make full and timely payments on a monthly basis to the [ERISA] Funds." Compl. ¶ 18(a).  Specifically, the CBA provides for Defendant to make payments to the Pension Fund, FTI, and LMCI, and to make deductions from employee wages to pay as contributions to PAT.  CBA §§ 10.2 & 10.3 and Arts. 11 & 12, Compl. Ex. 1, ECF No. 1-3.  The Contracts also provide for Defendant "[t]o file monthly remittance reports with the [ERISA] Funds," Compl. ¶ 18(b); to produce books and records for purposes of an audit if requested, and "to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan [Documents]," *id.* ¶ 18(c); and "[t]o pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by

the [ERISA] Funds to collect any amounts due as a consequence of [Defendant's] failure to comply with its contractual and statutory obligations . . . ," *id.* ¶ 18(d); *see* Trust Agr. Art. VI, §§ 2–6, Compl. Ex. 2, ECF No. 1-4.

On April 12, 2012, Plaintiffs filed a Complaint with one count for contributions under ERISA and a second count for contributions under the Contracts. Compl. ¶¶ 21–25. Plaintiffs claim that Defendant "failed to pay amounts due under [the Contracts] from January 2008 through February 2012," in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145 ("ERISA"), and the Contracts. *Id.* Plaintiffs claim sum certain damages of $71,268.39. *Id.* ¶¶ 21 & 25. Plaintiffs also seek:

> any additional amounts which may become due during the pendency of this lawsuit, together with the interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorney's fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

*Id.* at 7; *see id.* at 8. Plaintiffs allege that the delinquent contributions to the Funds, accumulated interest, audit costs, and attorney's fees total $78,506.28. Pls.' Mot. ¶ 2.

Defendant was served on June 4, 2012. ECF No. 4. Defendant has not filed an Answer or otherwise responded to the Complaint. Plaintiffs file a Request to Enter Default Pursuant to F.R.C.P. 55(a) on July 27, 2012, ECF No. 5, and the Clerk of the Court entered an Order of Default on July 30, 2012, ECF No. 6. Plaintiffs moved for a default judgment on September 11, 2012, and Defendant still has not responded.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum

certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear and is "neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1). For "all other cases," in which the sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

The entry of default judgment is a matter within the discretion of the Court.  *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one

relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 484 (citing *Ryan*, 253 F.3d at 780–81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-plead allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.").

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff[s'] complaint constitute a legitimate cause of action." *Samler*,

725 F. Supp. 2d at 494.  Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages."  *Id.*

### A.  Liability

More than four months have passed since Defendant was served with the Complaint, yet Defendant has not pleaded or otherwise asserted a defense by filing a motion.  As a result, all of the factual allegations made in Plaintiffs' Complaint not pertaining to damages are deemed admitted.  Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780.  Plaintiffs moved for a Judgment by Default on September 11, 2012, and Defendant still has not responded.  It is within the Court's discretion to grant default judgment when a defendant is unresponsive.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).  Accordingly, the Court should grant default judgment on this Complaint if Plaintiffs have established Defendant's liability.

With regard to liability, ERISA "authorize[s] parties to enforce the provisions of their collective bargaining agreements." *Bd. of Trs. of Operating Engineers Local 37 Ben. Fund v. Fraternal Order of Eagles Cumberland No. 245 ("Operating Engineers Local 37")*, No. WDQ-09-3123, 2010 WL 4806975, at *2 (D. Md. Nov. 18, 2010).  ERISA provisions 29 U.S.C. §§ 1132 and 1145 "'provide specific remedies for the enforcement of federal pension laws and the collective bargaining and trust agreements executed pursuant to these laws.'" *Nat'l Elec. Ben. Fund v. Rabey Elec. Co.*, No. AW-11-184, 2012 WL 3854932, at *3 (D. Md. Sept. 4, 2012) (quoting *Trs. of Glaziers Local 963 v. Walker & Laberge Co.*, 619 F. Supp. 1402, 1403 (D. Md. 1985)). 29 U.S.C. § 1145 provides:

6

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Simply put, this section "requires employers to make contributions according to the terms of such agreements." *Rabey Elec. Co.*, 2012 WL 3854932, at *3. Pursuant to 29 U.S.C. § 1132(g)(2), "where a plan prevails in enforcing section 1145, it shall be awarded damages in the amount of unpaid contributions, as well as interest, liquidated damages, and attorneys' fees." *Id.* at *4. According to the Plaintiffs' well-pleaded allegations, as well as Plaintiffs' supporting exhibits, the ERISA Funds and Defendant were parties to the CBA and Plan Documents. Compl. ¶¶ 16–17, Ex. 1 (CBA) & Ex. 3 (Pension Plan), ECF No. 1-5. Additionally, the Pension Fund and Defendant were parties to the Trust Agreement. *Id.* ¶ 17 & Ex. 2 (Trust Agreement). The Contracts obligated Defendant to make monthly payments and contributions to Plaintiffs. Compl. ¶ 18(a); CBA §§ 10.2 & 10.3 and Arts. 11 & 12; Trust Agr. Art. VI, §§ 2–6. Yet, Defendant "failed to pay amounts due under [the Contracts] from January 2008 through February 2012," in violation of ERISA and the Contracts. Compl. ¶¶ 21–25. Therefore, Defendant is liable to Plaintiffs under 29 U.S.C. § 1145. *See* 29 U.S.C. § 1145. On that basis, the Court should grant Plaintiffs' Motion for Judgment by Default as to liability, and the statutory remedies under 29 U.S.C. § 1132(g)(2) should be available to Plaintiffs.

## B. Damages and Injunctive Relief

An allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *see Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin.*

*Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages."); *see also Ryan*, 253 F.3d at 780 ("[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

Therefore, on default judgment, the Court may only award damages without a hearing if the record supports the damages requested. *See, e.g.*, *Pentech*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against Defendant because Plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against Defendant because Plaintiff submitted invoices documenting the money owed to Plaintiff); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *see also Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record"); *Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007) (noting that, in cases concerning default judgments and promissory notes, "it is not necessary to conduct a hearing and . . . damages may be determined by way of affidavit and other documentary evidence").

In conjunction with a default judgment, the Court also may order injunctive relief. *See Flynn v. Jocanz*, 480 F. Supp. 2d 218, 221 (D.D.C. 2007) (concluding, after reviewing plaintiff's submissions, that plaintiff's requested injunctive relief, i.e., that "defendants be 'directed to comply with its obligations to report and to contribute to [specific unions and funds] all additional reports, contributions, and dues checkoff money due and owing' under the Collective Bargaining Agreement," was appropriate); *Wine v. SCH Elec.*, *LLC,* No. CV08-0874-PHX-LOA, 2008 WL 4073853, at *4 (D. Ariz. Aug. 28, 2008) (concluding, after an evidentiary hearing, that entry of an order requiring defendant employer to file timely contribution forms and to timely pay contributions constituted such "'other legal or equitable relief as the Court deem[ed] appropriate'" and therefore was appropriate in an ERISA action) (quoting 29 U.S.C. § 1132(g)(2)(E)); *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (granting a permanent injunction on default judgment); *DirecTV*, 2005 WL 3435030, at *4 (granting injunctive relief on default judgment).

Here, Plaintiffs seek damages, interest "at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment," liquidated damages, "the cost of any audit," and "reasonable attorney's fees and costs," as provided by 29 U.S.C. § 1132(g)(2) and the Contracts. Compl. 7; *see id.* at 8. Plaintiffs also seek injunctive relief, asking the Court to order Defendant "to produce remittance reports to date and allow an audit through production of payroll books and related records so that a precise determination of any amount owed and benefits due employees can be made." Pls.' Mem. 22. In support of the damages they seek, Plaintiffs submitted (1) the Affidavit of Thomas Montemore, the Delinquency Controller and Assistant to the Fund Administrator of the Pension Fund, Montemore Aff. ¶ 1; (2) the CBA, Pl.'s Mem. Ex. 2, ECF No. 8-6; (3) the Trust Agreement, Pl.'s Mem. Ex. 3, ECF No. 8-7; and (4)

portions of the Pension Plan, Pl.'s Mem. Ex. 4, ECF No. 8-8.  Plaintiffs state that "the Annuity

Plan has parallel terms" to the Pension Plan.  Compl. ¶ 17.  They do not attach any other Plan

Documents or discuss other Plan Documents' terms.

29 U.S.C. § 1132(g)(2) provides for damages equivalent to unpaid contributions, interest

thereon, liquidated damages, attorney's fees and costs, and other appropriate legal or equitable

relief.  Mr. Montemore stated in his Affidavit that Defendant "owes the Pension Fund at least the

following amounts":

| Fund | Contributions | Interest | Liquidated Damages | Audit Costs | TOTAL |
|------|---------------|----------|--------------------|-------------|-------|
| **IUPAT Union and Industry Pension Fund** | $26,652.00 | $1,771.32 | $5,330.40 | $805.10 | $34,558.82 |
| **IUPAT Union and Industry Annuity Plan** | $26,981.77 | $1,886.20 | $5,396.35 | $278.26 | $34,542.58 |
| **FTI** | $561.70 | $44.86 | $112.34 | $3.43 | $722.33 |
| **LMCI** | $561.70 | $44.86 | $112.34 | $3.43 | $722.33 |
| **PAT** | $561.70 | $44.86 | $112.34 | $3.43 | $722.33 |
| **TOTAL** | $55,318.87 | $3,792.10[2] | $11,063.77 | $1,093.65 | $71,268.39 |

### 1.  Contributions

Mr. Montemore calculated the amount of contributions owed "based on reports prepared

by [Defendant] and submitted to the [Pension] Fund"; a June 21, 2011 audit that covered the

---

[2] Mr. Montemore calculated total interest owed of $3,925.83, but the total of the individual
amounts of interest owed that he listed is $3,792.10.  *See* Montemore Aff. ¶ 9.

period of January 2008 through December 2010; and an estimate of the amount due from January 2011 through February 2012, based on the average amount due under the last three months of the audit.  Montemore Aff. ¶ 9(a).  According to Mr. Montemore's calculations, Defendant owes Plaintiffs unpaid contributions of $55,318.87, in the amounts shown in the above table and I recommend that the Court award these unpaid contributions to Plaintiffs.

### 2.  Interest

29 U.S.C. § 1132(g)(2)(B) provides that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."  Here, interest on unpaid contributions to the Pension Fund is determined at the rate prescribed by 26 U.S.C. § 6621, for an amount of $1,771.32 under the Pension Plan and $1,886.20 under the Annuity Plan.  *See* Pension Plan § 10.12(b)(2) (stating that interest shall be paid "at the rate for underpayment of federal income taxes under IRC 6621"); Montemore Aff. ¶ 9(b).  As Plaintiffs have not provided the other ERISA Plans, interest will be calculated on the unpaid contributions to LMCI, PAT, and FTI at the rate prescribed by 26 U.S.C. § 6621, for an amount of $112.34 under each.  *See* Montemore Aff. ¶ 9.  I note that Plaintiffs list larger interest amounts on the table presented in their Memorandum of Law in Support of their Motion, but they do not provide evidence in support of these larger amounts. *See* Pls.' Mem. 23.  Thus, Defendant owes Plaintiffs interest totaling $3,792.10, in the amounts shown in the above table, and I recommend that the Court award this interest to Plaintiffs, unless Plaintiffs provide the Court within fourteen (14) days of the date of this Report and Recommendation with documents to support payment of interest in a greater amount.

### 3.  Liquidated Damages

29 U.S.C. § 1132(g)(2)(C) provides for an employer whose liability has been established to pay "an amount equal to the greater of . . . interest on the unpaid contributions, or . . . liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount [of unpaid contributions]," unless federal or state law provides for a greater amount. The Pension Plan "requires the assessment of liquidated damages against Defendant in an amount equal to the greater of . . . the amount of interest owed on the delinquent principal, or twenty percent (20%) of the unpaid contributions and/or contributions paid beyond the due date," Montemore Aff. ¶ 9(c), and the Annuity Plan's provision for liquidated damages is the same, *see* Compl. ¶ 17.  The interest owed under the Pension Plan ($1,771.32) is less than twenty percent of the unpaid contributions ($5,330.40).  Similarly, the interest owed under the Annuity Plan ($1,886.20) is less than twenty percent of the unpaid contributions ($5,396.35).  Therefore, Defendant owes the Pension Fund the sum of $5,330.40 and $5,396.35, or $10,726.75 in liquidated damages and I recommend that the Court award these liquidated damages to Plaintiffs.

As noted, Plaintiffs have not provided the Plan Documents for the other ERISA Funds, such that I cannot determine the amount of liquidated damages provided for under those plans. Therefore, I recommend that the Court award liquidated damages to FTI, PAT, and LMCI in an amount equivalent to the amount of interest owed for each ERISA Fund, or $44.86, unless Plaintiffs provide the Court within fourteen (14) days of the date of this Report and Recommendation with documents to support payment of liquidated damages in a greater amount, not to exceed twenty percent of unpaid contributions to those ERISA Funds.

12

### 4.  Audit Costs

Of note, the Trust Agreement provides

> AUDITS. The Trustees may at any time have an audit made by certified public accountants of the payroll, wage and cash disbursement records, general ledger, and other financial records, including but not limited to tax returns, of any Employer in connection with the said contributions and/or reports. When an Employer receives notice that the Employer is scheduled for an audit, the Employer may write to the Fund 1) explaining why the time or date for the audit is impossible for the Employer to comply with and 2) offering alternative times or dates for an audit within a reasonable time. If the Fund does not receive such a written response from the Employer within 48 hours before the scheduled audit, the certified public accountants responsible for the audit may proceed as scheduled. If the Employer fails to cooperate with a scheduled audit, the Trustees may require that the Employer pay to the Fund all costs incurred as a result of the Employer's failure. *Any Employer found delinquent or in violation of the Rules and Regulations of the Pension Plan and/or the Annuity Plan as a result of an audit maybe required by the Trustees to pay to the Fund the cost of the audi*t.

Trust Agr. Art. VI, § 6 (emphasis added).  Mr. Montemore stated that the cost of the June 21, 2011 audit was $1,093.65.  Montemore Aff. ¶ 9(d).  The Court may award "such other legal or equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2)(E).  Thus, Defendant owes Plaintiffs audit costs totaling $1,093.65, in the amounts shown in the above table, and I recommend that the Court award these audit costs to Plaintiffs.

### 5.  Attorney's Fees and Costs

Attorney's fees and costs are available in an ERISA action.  29 U .S.C. § 1132(g)(2)(D).  When the Court enters judgment in favor of the plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." *Id.*  In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's

own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). The plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding, after an initial determination that the attorney's hourly rate was reasonable for the particular district, that attorney's fees requested by plaintiff, based on documentation of hours worked and tasks completed, were reasonable); *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 220–21 (D.D.C. 2007) (awarding requested attorney's fees based on affidavits and the record). Of import, Appendix B to this Court's Local Rules, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, states that attorneys admitted to the bar for five to eight years may reasonably bill $165–250 per hour; attorneys admitted to the bar for nine to fourteen years may reasonably bill $225–300 per hour, and paralegals may reasonably bill $95–115 per hour. Local Rules App'x B, at 3.b–c, e. Though not binding upon the Court, these guidelines are useful in determining the lodestar amounts.

Here, Plaintiff Pension Fund asks for $7,104.16 in attorney's fees and costs and offers the Affidavit of Bridget C. Walsh, Pl.'s Mem. Ex. 5, ECF No. 8-9; the Altman Weil Survey, Pl.'s Mem. Ex. 6, ECF No. 8-10; the Ohio Bar Association Survey, Pl.'s Mem. Ex. 7, ECF No. 8-11; and a Jennings Sigmond, P.C. Itemization of Legal Fees and Costs ("Itemization"), Pl.'s Mem. Ex. 8, ECF No. 8-12, to support the attorney's fees and costs it seeks. Plaintiffs also seek fees and costs for their attorneys' post-judgment efforts to collect and enforce the judgment. Pls.' Mem. 17, 25. Shanna M. Cramer and Judith A. Sznyter, associate attorneys admitted to the bar for eight years, and Ms. Walsh, an associate attorney admitted to the bar for nine years, billed the

Pension Fund for 26.9 hours of attorney time (6.2 hours unbilled and 20.7 hours billed) at $220 per hour, Walsh Aff. ¶¶ 2, 5–7; Itemization 1, 3–4, and 3.9 hours of paralegal time at $70 per hour, Walsh Aff. ¶¶ 2, 8–11; Itemization 3–4.  Plaintiffs seek these fees in accordance with "a special fee schedule with the [Pension Fund]."  Walsh Aff. ¶ 4.  The attorneys and paralegals spent the time (30.8 hours combined) preparing and reviewing the Complaint and Motion for Judgment by Default and corresponding with the Pension Fund.

Given that Ms. Cramer and Ms. Sznyter billed at a rate within the Guidelines for attorneys of their experience, and that Ms. Walsh billed at a rate below the Guidelines for an attorney of her experience, I find that $220 per hour is a reasonable rate for attorney time under the Local Rules Guidelines.  *See* Local Rules App'x B, at 3.b–c.  Also, given that the $70 per hour billing rate for paralegal time is lower than rates suggested under the Local Rules Guidelines, I find that it is a reasonable rate.  *See id.* at 3.e.

I note that three attorneys and four paralegals have spent a combined 30.8 hours working on this case.  In a similar ERISA action involving Pension Fund, my colleague found that the 34.2 hours that the attorneys and paralegals spent were incurred due to "some inefficiencies in the conduct of the litigation," because two associates and two paralegals all worked on that case. *Int'l Painters & Allied Trades Indus. Pension Fund v. Hamilton Commercial Glass, LLC*, No. WDQ-11-3452, 2012 WL 2992140, at *5 (D. Md. July 19, 2012), *adopted by the Court*, Aug. 7, 2012 Order, No. WDQ-11-3452, ECF No. 10.  There, the recommended award of attorney's fees, which the Court adopted, was 20% less than the amount requested.  *Id.*  Also, in another ERISA action involving all Plaintiffs in this case and the same issues, the number of hours worked came to only 18.8 hours, which the Court found reasonable.  *Int'l Painters & Allied Trades Indus. Pension Fund v. Empire Glass, Paint & Mirror*, No. RDB-11-3281, 2012 WL

3233532, at *5 (D. Md. Aug. 3, 2012); *see Int'l Painters & Allied Trades Indus. Pension Fund v. HG Prof'l Painting Inc.*, No. WDQ–11–172, 2011 WL 3744123 (D. Md. Aug. 23, 2011) (16.3 hours reasonable); *cf. Int'l Painters & Allied Trades Indus. Pension Fund v. DLC Corp., Inc.*, No. WDQ–11–1938, 2012 WL 1229491 (D. Md. Apr. 11, 2012) (27.1 hours reasonable); *Int'l Painters & Allied Trades Indus. Pension Fund v. H.C. Ackerman & Son, Inc.*, No. JKB–11–2117, 2012 WL 251963 (D. Md. Jan. 24, 2012) (28 hours reasonable). In *Empire Glass*, 2012 WL 3233532, at *1 n.1, the Court noted that "Plaintiffs have sought default judgment in five similar cases against other defendants." In four of those cases, as well as in *Empire Glass*, 2012 WL 3233532, Jennings Sigmond, Plaintiffs' counsel in the case before me, represented the Pension Fund or all Plaintiffs. This leads me to conclude that Plaintiffs' counsel has experience working on similar filings for the same clients. Therefore, I find that 30.8 hours is an excessive amount of time to spend preparing and reviewing the Complaint and Motion for Judgment by Default and corresponding with the Pension Fund in this case. I recommend reducing the number of hours by 10%. Specifically, I find that 24.21 hours of attorney time and 3.51 hours of paralegal time would be reasonable, and I recommend that the Court award attorney's fees of $5,571.90 for 24.21 hours of attorney time and 3.51 hours of paralegal time.

The Pension Fund also incurred costs totaling $913.16 for photocopies, computer research, the services fee, postage, and the filing fee. Itemization 4–5. These costs are reimbursable expenses under the Local Rules, and I find that they are reasonable. *See* Local Rules App'x B, at 4.a, c. The grand total of all fees and costs is $6,485.06. Therefore, I recommend that the Court award the Pension Fund $6,485.06 in attorney's fees and costs. Further, I recommend that the Court permit Plaintiffs to submit a bill of costs for any additional attorney's fees and costs incurred in collecting and enforcing the judgment. *See, e.g., Hamilton*

16

*Commercial Glass, LLC*, 2012 WL 2992140, at *6 (recommending award of attorney's fees and costs with regard to collection and enforcement of judgment).

### 6. Injunctive Relief

As noted, Plaintiffs request that the Court order Defendant "to produce remittance reports to date and allow an audit through production of payroll books and related records so that a precise determination of any amount owed and benefits due employees can be made." Pls.' Mem. 22. The Court may order such relief. *See Flynn*, 480 F. Supp. 2d at 221; *Wine*, 2008 WL 4073853, at *4; *see also Disney Enters.*, 446 F. Supp. 2d at 405–06; *DirecTV*, 2005 WL 3435030, at *4. I find that injunctive relief is appropriate, and I recommend that the Court order Defendant to complete fully and accurately any and all then-outstanding remittance reports with all required information, including the name and Social Security number of each employee, the hours worked, wages paid and contributions owed for each month, and to submit the reports to the ERISA Funds within twenty-one (21) days of the date of the Court's order.

## III.   CONCLUSION

In sum, I recommend that the Court

1.      GRANT Plaintiffs' Motion for Judgment by Default;

2.      Enter judgment in Plaintiffs' favor for the total amount of $77,551.01, as shown on the table below:

| Fund | Contributions | Interest | Liquidated Damages | Audit Costs | Attorney's Fees and Costs | TOTAL |
|------|--------------|----------|-------------------|-------------|--------------------------|-------|
| Pension Fund | $26,652.00 | $1,771.32 | $5,330.40 | $805.10 | $6,485.06 | $41,043.88 |
| Annuity Plan | $26,981.77 | $1,886.20 | $5,396.35 | $278.26 | - | $34,542.58 |
| FTI | $561.70 | $44.86 | $44.86 | $3.43 | - | $654.85 |
| LMCI | $561.70 | $44.86 | $44.86 | $3.43 | - | $654.85 |

| PAT | $561.70 | $44.86 | $44.86 | $3.43 | - | $654.85 |
| **TOTAL** | $55,318.87 | $3,792.10 | $10,861.33 | $1,093.65 | $6,485.06 | $77,551.01 |

3.      Award liquidated damages to FTI, PAT, and LMCI in a greater amount than shown on the table above, if Plaintiffs provide the Court within fourteen (14) days of the date of this Report and Recommendation with documents to support payment of liquidated damages in a greater amount, not to exceed twenty percent of unpaid contributions to those ERISA Funds;

4.      Award interest to Plaintiffs in a greater amount than shown on the table above, if Plaintiffs provide the Court within fourteen (14) days of the date of this Report and Recommendation with documents to support payment of interest in a greater amount; and

5.      Order Defendant to complete fully and accurately any and all then-outstanding remittance reports with all required information, including the name and Social Security number of each employee, the hours worked, wages paid and contributions owed for each month, and to submit the reports to the ERISA Funds within twenty-one (21) days of the date of the Court's order.


The parties have fourteen (14) days in which to file objections to this Report and Recommendation.  *See* Fed. R. Civ. P. 72(b)(2); Loc. R. 301.5.b.  A proposed Order follows.


Dated: <u>October 31, 2012</u>                    _____/S/_____
                                                  Paul W. Grimm
                                                  United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| | * | |
| **INTERNATIONAL PAINTERS** | * | |
| **AND ALLIED TRADES INDUSTRY** | | |
| **PENSION FUND,** *et al.*, | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: ELH-12-1125** |
| | * | |
| **LIBMAK COMPANY, LLC,** | * | |
| | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

For the reasons stated in the Report and Recommendation that United States Magistrate Judge Paul W. Grimm submitted on October 31, 2012, and the time for filing objections to the Report and Recommendation having passed, it is, this _____th day of _____, 2012, ORDERED that

1.      The Motion for Judgment by Default that Plaintiffs International Painters and Allied Trades Industry Pension Fund; Gary J. Meyers; Political Action Together Fund; Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund; and the Painters and Allied Trade Labor Management Cooperation Initiative filed as to Defendant Libmak Company, LLC is GRANTED;

2.      Judgment is entered in Plaintiffs' favor for the total amount of $77,551.01, as shown on the table below:

| Fund | Contributions | Interest | Liquidated Damages | Audit Costs | Attorney's Fees and Costs | TOTAL |
|---|---|---|---|---|---|---|
| Pension Fund | $26,652.00 | $1,771.32 | $5,330.40 | $805.10 | $6,485.06 | $41,043.88 |
| Annuity Plan | $26,981.77 | $1,886.20 | $5,396.35 | $278.26 | - | $34,542.58 |
| FTI | $561.70 | $44.86 | $44.86 | $3.43 | - | $654.85 |
| LMCI | $561.70 | $44.86 | $44.86 | $3.43 | - | $654.85 |
| PAT | $561.70 | $44.86 | $44.86 | $3.43 | - | $654.85 |
| TOTAL | $55,318.87 | $3,792.10 | $10,861.33 | $1,093.65 | $6,485.06 | $77,551.01 |

3.      Defendant shall complete fully and accurately any and all outstanding remittance reports with all required information, including the name and Social Security number of each employee, the hours worked, wages paid and contributions owed for each month, and to submit the reports to the ERISA Funds within twenty-one (21) days of the date of this Order.

_____

Ellen Lipton Hollander
United States District Judge

2