IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| INTERNATIONAL PAINTERS AND<br>ALLIED TRADES INDUSTRY<br>PENSION FUND, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>LIBMAK COMPANY, LLC,<br>    *Defendant*. | Civil Action No. ELH-12-1125 |

**MEMORANDUM**

International Painters and Allied Trades Industry Pension Fund ("Pension Fund"); Gary Meyers, a fiduciary of the Pension Fund; Finishing Trades Institute ("FTI"); Political Action Together Fund ("PAT Fund"); and Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), plaintiffs, filed suit in this Court on April 12, 2012, alleging that Libmak Company LLC, doing business as "Libmak Co. LLC" and "Libmak Company, Inc." ("Libmak"), defendant, failed to make contributions to certain employee benefit plans (the "Funds"), as required under the Employment Retirement Income Security Act of 1974 ("ERISA"). Meyers and the Pension Fund are fiduciaries of the Funds.

In particular, plaintiffs alleged that Libmak, which employed members of local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO (the "Union"), had agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). Complaint ¶ 16. Under the CBA, together with the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement"), Libmak agreed to make monthly contributions and fulfill reporting obligations to the Funds. *See* Complaint ¶ 18. Further, Libmak must pay

liquidated damages, interest, audit costs, and litigation costs, including attorney's fees expended by the Pension Fund to collect amounts due and owing as a result of Metro's failure to comply with its contractual and statutory obligations. *Id.*

Plaintiffs alleged that Libmak failed to pay the amounts due and owing during the period January 2008 through February 2012. Complaint ¶ 21. As a result, plaintiffs filed the underlying suit. Libmak was served with the summons and complaint on June 4, 2012. *See* ECF 4. On July 27, 2012, after Libmak failed to answer or otherwise respond, plaintiffs filed a Motion for Entry of Default (ECF 5), which was granted on July 30, 2012. *See* ECF 6.

Thereafter, on September 11, 2012, plaintiffs filed a Motion for Judgment by Default (ECF 8), seeking monetary damages, interest, counsel fees, and costs. The Motion is supported by several exhibits. On September 12, 2012, pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 54(d)(2)(D) and 72(b), and Local Rule 301.6, this Court referred the matter to Chief Magistrate Judge Paul W. Grimm for a Report and Recommendation as to the pending Motion. On October 31, 2012, Judge Grimm issued a thorough and well considered report and recommendation ("Report") (ECF 10), in which he recommended that the Court grant plaintiffs' Motion for Judgment by Default and award plaintiffs a total of $55,318.87 in unpaid contributions; $3,792.10 in interest; $10,861.33 in liquidated damages; $1,093.65 in audit costs; and $6,485.06 in legal fees and costs, for a total award to plaintiffs of $77,551.01.[1]

In addition, the Report recommends that the Court grant certain injunctive relief allowed by the terms of the CBA, including submission by Libmak of outstanding remittance reports

---

[1] The totals are allocated among the Funds in various amounts, as explained by Judge Grimm.

containing specified information as required pursuant to Libmak's contractual obligations to the Funds.

The time for filing objections to the Report has now passed. *See* Fed. R. Civ. P. 72(b); Local Rule 301.5(b); Fed. R. Civ. P. 6(d). Libmak has not filed any objection. Plaintiffs have filed a "Limited Objection on Report and Recommendation" ("Limited Objection") (ECF 11), relating solely to the recommended award of attorneys' fees.

## Discussion

Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b). A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act. *See Callier v. Gray*, 167 F.3d 977, 980-82 (6th Cir. 1999); *see also* Local Rule 301.6(a*l*). Requests for attorneys' fees are also treated as dispositive motions for purposes of referral to a magistrate judge. *See* Fed. R. Civ. P. 54(d)(2)(D).

A party who is aggrieved by a magistrate judge's report and recommendation as to a dispositive motion must file "specific written objections to the proposed findings and recommendations" within fourteen days. Fed. R. Civ. P. 72(b)(2). The district judge must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But, the Court "need only conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Chavis v. Smith*, 834 F. Supp. 153, 154 (D. Md. 1993). As to those portions of the report for which there is no objection, the district court "must 'only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note), *cert. denied*, 546 U.S. 1091 (2006).

In accordance with Fed. R. Civ. P. 72(b), I have reviewed the Report for clear error with respect to the determination of the substantive issues as to which there was no objection. I find that Judge Grimm's proposed substantive rulings are correct in all respects. Accordingly, I adopt them as my own.

As noted, Fed. R. Civ. P. 72(b)(3) requires a district judge to make a de novo determination as to any aspect of a magistrate judge's report and recommendation to which a proper objection is made. The district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Accordingly, I consider de novo plaintiffs' Limited Objection to Judge Grimm's proposed award of attorneys' fees.

Plaintiffs seek an award of attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D), the fee-shifting provision of ERISA. In their Motion for Judgment by Default, plaintiffs requested an award of $7,104.16 in attorneys' fees and costs. In support of their request, they submitted an affidavit of their counsel, Bridget C. Walsh, Esq. of the firm Jennings Sigmond, P.C. (the "Firm") (ECF 8-9); itemized timekeeping and billing records of the Firm related to this case (ECF 8-12); and two publications related to prevailing trends in law firm economics and billing practices, in support of the hourly rates charged by counsel (ECF 8-10 & 8-11). In sum, three attorneys billed a total of 26.9 hours of time at a uniform hourly rate of $220, and four paralegals billed a total of 3.9 hours at a uniform hourly rate of $70. This amounts to a total request for

$6,191 in fees.  Plaintiffs also sought $913.16 in costs for photocopies, computer research, postage, and service and filing fees.

In his Report, Judge Grimm concluded that the requested costs were reimbursable and reasonable.  *See* Report at 16.  Moreover, he concluded that the attorney and paralegal hourly rates were within or below the applicable guidelines ranges under this Court's Rules and Guidelines for Determining Attorneys' Fees in Certain Cases.  *See id.* at 15 (citing App'x B to Local Rules).  However, Judge Grimm concluded that the number of hours expended by plaintiffs' counsel was excessive, based on comparison to attorneys' fee awards in other similar cases brought by plaintiffs' counsel, the evident experience of plaintiffs' counsel in cases of this sort, and the use of multiple attorneys and paralegals.  *See* Report at 15-16.  Accordingly, Judge Grimm proposed a 10% reduction in the number of reimbursable hours, and recommended an attorneys' fee award of $5,571.60.

Notably, although plaintiffs' counsel submitted itemization of the hours expended on the case, nothing in the Motion for Judgment by Default or Ms. Walsh's affidavit specifically addressed the reasonableness of the number of hours expended.  In their Limited Objection, plaintiffs state that they "do not object to entry of the proposed judgment," but "wish to explain [their] belief that counsel's fee structure and hourly rates are reasonable."  Limited Objection at 2.  They state: "Our ERISA department works as a team with expertise in different tasks. The use of multiple lawyers or paralegals is common and should not in itself be considered an indication of duplicative work."  *Id.*  Moreover, they indicate that hours will vary unpredictably from case to case based on a variety of factors.  *Id.*  According to plaintiffs, "[t]his case involved new records and contracts for District Council 77 that complicated this case."  *Id.* at 3.  However, plaintiffs

offer no further particularized explanation for the number of hours expended in this case. Rather, they state: "Counsel will strive to explain unique work giving rise to hours above the Court's average in future cases." *Id.*

I appreciate plaintiffs' representation that their counsel will endeavor to explain above-average expenditures of attorney time in future cases. However, plaintiffs have not presented analysis or evidence sufficient to convince me, on de novo review, that an above-average expenditure of time was necessary in this case. Accordingly, I find that the 10% reduction recommended by Judge Grimm is appropriate, and I adopt it.

In sum, I adopt Judge Grimm's Report in its entirety. An appropriate Order follows.

Date:  November 27, 2012                /s/
                                        Ellen Lipton Hollander
                                        United States District Judge